BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman
Wendy J. Harrison (SBN 151090)
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012
(602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (SBN 90858)
Jonathan Gertler (SBN 111531)
Nance F. Becker (SBN 99292)
42 Mill Avenue
Mill Valley, California 94941
(415) 381-5599

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| GILBERT VENTURA, SR., and TRACY D. VENTURA,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No.: C 07-04309 MJJ<br><br>CLASS ACTION<br><br>**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Case Management Conference<br>Date :     December 18, 2007<br>Time:     2:00 p.m.<br>Place:    Ctrm. 11<br><br>The Honorable Martin J. Jenkins |

On November 29, 2007, the parties, by and through their respective counsel of record, conferred and discussed the issues addressed in Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9.

Counsel hereby respectfully submit the following joint report reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree.

---
– 1 –
**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**

1. **Jurisdiction and Service.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' Class Action Complaint asserts claims against defendant Wells Fargo Bank, N.A ("Wells Fargo") for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982.

All parties have been served. Defendant Wells Fargo filed an Answer to Plaintiffs' Complaint on October 5, 2007 and this matter therefore is at issue.

2. **Facts.**

   A. **Plaintiffs' Factual Contentions.**

Plaintiffs Gilbert Ventura, Sr. and Tracy D. Ventura ("Plaintiffs") bring this proposed class action on behalf of themselves and all similarly situated minority borrowers alleging that Defendant Wells Fargo Bank ("Defendant") has engaged in both intentional and disparate impact race discrimination in originating, funding, acquiring and servicing residential mortgage loans. Plaintiffs each are members of a protected minority group, and each purchased a residential mortgage loan from Defendants within the time frame required by all statutes of limitation relevant herein. Plaintiffs' Class Action Complaint asserts four (4) Causes of Action: for violation of the Equal Credit Opportunity Act (15 U.S.C. §§1691-1691f); for violation of the Fair Housing Act (42 U.S.C. §§3601-3619); for racial discrimination under 42 U.S.C. §1981; and for racial discrimination in violation of 42 U.S.C. §1982.

Plaintiffs allege that Defendant engaged in unlawful racial discrimination by developing and implementing mortgage pricing policies and procedures that provide financial incentives to its authorized loan officers, mortgage brokers and correspondent lenders to make subjective decisions causing minority borrowers to pay higher interest rates, charges and other costs than similarly situated white borrowers. Defendant's authorized loan officers, mortgage brokers and correspondent lenders are given discretion – and are actually encouraged – to increase interest rates and charge additional fees to certain borrowers. These policies result in minorities receiving home loans with higher fees, such as yield-spread premiums, as well as higher rates and costs and other (such as pre-payment penalties) that are more unfavorable than the loan terms received similarly situated non-

minority borrowers. Thus, for example, when minority borrowers pay yield spread premiums on loans including pre-payment penalties, Defendant shares in additional income and profits generated by the premium as the borrower is locked into a higher interest rate. Defendant's systemic policies and procedures, which encourage subjective underwriting and pricing decisions, result in a pattern of discrimination against minorities. Defendant cannot justify these policies by business necessity, and the discriminatory outcome could be avoided through the use of alternative underwriting and pricing policies and procedures.

### B. Defendant's Factual Contentions.

Defendant originates and funds mortgage loans. Borrowers may obtain the mortgage loans through loan officers or referrals which come from outside brokers not affiliated with Defendant. Defendant denies Plaintiffs' claims. Specifically, Defendant denies that it engaged in any racially discriminatory mortgage lending practices and denies that any of the purported putative class members have been subject to racial discrimination. Defendant denies that its credit pricing policies and procedures in any way impose higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers. Defendant maintains credit pricing policies and procedures and Defendant's policies and procedures include policies and procedures to enforce compliance with fair lending procedures, and review of loans for compliance with fair lending procedures. Defendant contends that Plaintiffs were not discriminated against and did not pay any fee or interest rate unrelated to their creditworthiness or risk.

### 3. Legal Issues.

(1) Whether Plaintiffs may maintain a class action pursuant to Federal Rule of Civil Procedure Rule 23, and, if so, the appropriate class period and scope of the purported class;

(2) Whether Defendant's residential mortgage lending policies and procedures violate the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*;

(3) Whether Defendant's residential mortgage lending policies and procedures violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;

(4) Whether Defendant's residential mortgage lending policies and procedures violate the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982;

(5) Whether Defendant has any discriminatory underwriting, or credit pricing policies and/or whether Defendant's underwriting and pricing policies impose higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers;

(6) Whether Plaintiffs' claims are barred by the applicable statutes of limitations, including, without limitation, 15 U.S.C. § 1691e(f), 42 U.S.C. § 3613(a)(1)A) and 28 U.S.C. § 1658(a);

(7) Whether Plaintiffs' claims are barred by the doctrines of waiver, estoppel or consent because Plaintiffs accepted the terms of loans and accepted funds pursuant to the terms of the loan contracts;

(8) Whether Defendant engages in discriminatory practices, acts with discriminatory intent and/or whether Defendant's lending policies and procedures have an impermissible disparate impact on minority borrowers;

(9) Whether Plaintiffs and the proposed class is entitled to injunctive relief, monetary relief, other equitable relief, costs of suit, attorneys' fees and/or punitive damages.

**4.   Motions.**

   **A.   Pending Motions.**

No motions are currently pending before this Court.

   **B.   Anticipated Pretrial Motions.**

Plaintiffs will file a motion for entry of Pretrial Order No. 1 consolidating this action with *Jeffries v. Wells Fargo Bank, N.A.*, C 07-3880-MJJ, appointing lead and interim class counsel pursuant to Rule 23(g), establishing an organizational structure of Plaintiffs' counsel and establishing procedures for subsequently filed related cases, among other things. Plaintiffs will circulate the proposed motion to seek consent of Defendant prior to filing the motion with the Court.

Plaintiffs also intend to file a motion, if the parties are unable to resolve the issues by stipulation, for entry of an order requiring the parties to preserve documents and information and a protocol for the conduct of electronic discovery in this case. *See* Section 6, herein.

Plaintiffs will file a motion for class certification. *See* Section 9, herein, for a proposed scheduling order relating to Plaintiffs' certification motion.

1. The extent and degree of discovery motion practice, if any, is presently unknown.

Defendants anticipate filing of a motion for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56, or other dispositive motion(s).

The parties anticipate that discovery in this action may include the discovery of confidential, proprietary and trade secret information and/or information protected by privacy rights, and, accordingly, in order to facilitate discovery, have entered into and submitted for the Court's consideration a Stipulation and [Proposed] Protective Order Regarding Confidential and Trade Secret Information. The parties also have submitted for the Court's consideration a Stipulation and [Proposed] Protective Order Regarding Private Consumer Information. In the event any party seeks to file any information designated as confidential pursuant to any protective order entered in this case, the party shall seek an order authorizing the sealing of the document or portions thereof pursuant to Civil Local Rule 79-5.

In accordance with Local Rule 26-1, counsel for the parties have discussed the complexity of this case. Counsel agree that certain procedures of the Manual for Complex Litigation may be useful for the management of this action. The parties intend to consult the Manual for Complex Litigation to assess whether specified procedures should be utilized as the case progresses.

5.  **Amendment of Pleadings.**

The parties propose that the deadline to amend the complaint be May 1, 2008.

6.  **Evidence Preservation.**

Defendant has undertaken steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails and other electronically-recorded material reasonably believed to be relevant to the issues reasonably evident in this action. The parties intend to confer regarding a stipulated order for the preservation of documents and information and procedures governing electronic discovery.

7.  **Disclosures.**

The parties anticipate exchange of their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on January 25, 2008.

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**

8. **Discovery.**

A. **Discovery Subjects, Phased Discovery and Completion of Discovery**

Counsel for Plaintiffs and Defendants conferred on November 29, 2007. The parties agree upon the following proposed pre-trial schedule:

| | |
|---|---|
| Non-expert discovery cut-off | March 30, 2009 |
| Parties' initial expert reports | April 27, 2009 |
| Parties' rebuttal expert reports | June 1, 2009 |
| Completion of expert discovery | July 10, 2009 |

B. **Discovery Limitations.**

The parties request a maximum of thirty (30) depositions per side and that the parties be permitted to serve fifty (50) interrogatories per side.

9. **Class Actions.**

Pursuant to Local Rule 16-9(b), Plaintiffs assert this action is maintainable as a class action pursuant to sections (a), (b)(2) and/or (b)(3) of Rule 23 of the Federal Rules of Civil Procedure. The Class Action Complaint defines the class generally as: all minorities(non-Caucasians and other minority racial groups protected under 42 U.S.C. §§ 1981, 1982, 3604 and 15 U.S.C. § 1961) who have entered into residential mortgage loan contracts that were financed or purchased by Defendant , and who have been subject to racial discrimination.

Plaintiffs allege they are entitled to maintain the action under Federal Rules of Civil Procedure Rule 23. In accordance with Local Rule 16-9(b), Plaintiffs assert that the facts which show Plaintiffs' entitlement to maintain the action under Fed. R. Civ. P. 23 include the following: the Class consists of many thousands, or tens of thousands, of individuals geographically dispersed throughout the United States; all members of the Class have been subjected to and affected by Defendant's practice of assessing yield spread premiums and other discretionary fees and imposing other adverse terms and features on mortgage loans; Plaintiffs and the other members of the propose class were subjected to yield spread premiums and other discretionary charges and fees and other terms that have disproportionately affected minority borrowers; Plaintiffs are committed to vigorous prosecution of the class claims and have retained attorneys who have extensive experience in class

actions and consumer protection and credit discrimination actions; and Defendant has acted or refused to act on grounds generally applicable to the proposed class. *See* L.R. 16-9(b)(3).

Pursuant to the proposed pretrial schedule as set forth herein, Plaintiffs request a deadline to file their motion for class certification on or before September 15, 2008.

**10.   Related Cases.**

As noted above, *Jeffries v. Wells Fargo Bank, N.A.*, C 07-3880-MJJ pending before this Court is a related action. The parties agree that these cases should be consolidated for pretrial proceedings and Plaintiffs intend to include provisions for such consolidation in the [Proposed] Pretrial Order No. 1 to be submitted shortly.

**11.   Relief.**

Plaintiffs primarily seek injunctive relief to prohibit the discriminatory practices of defendant. Plaintiff also may seek other equitable relief including restitution, monetary relief and punitive damages.

Defendant's investigation of Plaintiffs claims is ongoing. While Defendant asserts Plaintiffs have not alleged any basis upon which liability may be established, Defendant reserves its right to submit to this Court the basis upon which Defendant contends damages should be calculated if liability is established. Defendant contends that if liability is established, there is no basis on which to assert punitive damages.

**12.   Settlement and ADR.**

The parties have conferred concerning the likelihood of settlement and they continue to do so. In accordance with Local Rule 16-8 and Alternative Dispute Resolution Local Rule 3-5, the parties submitted a Stipulation re Selecting ADR Process, and on November 27, 2007 this Court entered an Order directing the parties to meet and confer within 30 days to determine whether a private ADR process will facilitate an early resolution of the case.

**13.   Consent to Magistrate Judge for all Purposes.**

The parties do not consent to a Magistrate Judge for all purposes.

**14.   Other References.**

The parties do not believe this case is suitable for other reference at this time.

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**

15. **Narrowing of Issues.**

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth in section 4, herein. The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached regarding the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

16. **Expedited Schedule.**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

17. **Scheduling.**

Pursuant to their November 29, 2007 conference of counsel, the parties propose the pre-trial and trial schedule attached hereto as Exhibit A.

18. **Trial.**

All parties request a jury trial.

19. **Disclosure of Non-party Interest Entitles or Persons.**

Pursuant to Civil Local Rule 3-16, all parties have filed a Certification of Interested Entities or Persons.

Pursuant to Civil Local Rule 3-16, Defendant restates and certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Wells Fargo & Company, a publicly traded company and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.

20. **Other Matters.**

The parties do not have any additional matters to raise at this time.

DATED: December 7, 2007.

        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

        By  /s/
        Andrew S. Friedman
        Wendy J. Harrison
        2901 N. Central Avenue, Suite 1000
        Phoenix, Arizona 85012
        Telephone: (602) 274-1100
        Facsimile: (602) 274-1199
        Attorneys for Plaintiffs

DATED: December 7, 2007.

        REED SMITH LLP

        By  /s/
        Robert D. Phillips, Jr.
        Tyree P. Jones, Jr.
        David S. Reidy
        P. O. Box 7936
        San Francisco, CA 94120-7936
        Telephone: (415) 543-8700
        Facsimile: (415) 391-8269
        Attorneys for Defendant
        Wells Fargo Bank, N.A.

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**

**EXHIBIT A**
**to Joint Rule 26(f) Report and Case Management Conference Statement**
**Proposed Pre-Trial Scheduling**

| Pretrial or Trial Event | Parties' Requested Deadline |
|---|---|
| Deadline to Amend Pleadings | May 1, 2008 |
| Motion for Class Certification | September 15, 2008 |
| Non-Expert Discovery Cut-Off Date | March 30, 2009 |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | April 27, 2009 |
| Rebuttal Expert Witness Disclosure | June 1, 2009 |
| Expert Discovery Cut-Off Date | July 10, 2009 |
| Last day for hand-serving motions and filings (other than Motions in Limine) | July 31, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification motion |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion |

| Pretrial or Trial Event | Parties' Requested Deadline |
|---|---|
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion |
| Trial Date | Parties meet and confer following resolution of class certification motion |

DOCSSFO-12500166.1