```
 1  BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
 2  Andrew S. Friedman (admitted *pro hac vice*)
 3  Wendy J. Harrison (CA SBN 151090)
    2901 North Central Avenue, Suite 1000
 4  Phoenix, Arizona 85012
 5  (602) 274-1100

 6  CHAVEZ & GERTLER, L.L.P.
 7  Mark A. Chavez (CA SBN 90858)
    42 Miller Avenue
 8  Mill Valley, California 94941
 9  (415) 381-5599

10  COUGHLIN, STOIA, GELLER, RUDMAN
11  & ROBBINS, LLP
    John J. Stoia, Jr.
12  655 West Broadway, Suite 1900
13  San Diego, CA 92101
    (619) 231-1058
14
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT VENTURA, SR., and TRACY D. VENTURA,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. C 07-04309 MJJ<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRIVATE CONSUMER INFORMATION** |

WHEREAS, the Parties have propounded and received discovery requests that could be construed as seeking the disclosure of Private Consumer Information (as defined in paragraph 3 below) under applicable law and third parties, likewise, may receive subpoenas requesting the production of Private Consumer Information.

WHEREAS, Plaintiff believes that the Parties' Stipulation and Protective Order Regarding Trade Secret and Confidential Information entered by the Court provides adequate safeguards for the production of borrower and other Confidential Information; however, out of an abundance of caution, Defendant wants the Parties to stipulate to a separate protective order dedicated to providing safeguards to protect Private Consumer Information which may be disclosed in this action and prevent the misuse of such information.

WHEREAS, the Court recognizes that requests for the disclosure of documents or other information containing Private Consumer Information may implicate the privacy rights of individuals not parties to this action.

WHEREAS, any such privacy interests must be protected under applicable federal statutes, rules, regulations, and common law principles, including, but not limited to, the privacy regulations promulgated pursuant to the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*

WHEREAS, the Court finds that it is not practicable, given the scope of this action and the Plaintiff's discovery demands, either to give notice of the discovery requests (or an opportunity to consent or object to disclosure) to each and every individual whose personal information may be the subject of discovery requests or to conduct an in camera review of the requested Private Consumer Information. The Court further finds that it would be unduly burdensome if the parties were to attempt to redact from documents all information that could potentially be used to identify an individual.

WHEREAS, the Court finds that the procedures set forth herein for the disclosure and use of Private Consumer Information are reasonable and appropriate to protect against the improper disclosure or unauthorized use of such sensitive information.

WHEREAS, this Order requires that any use or disclosure of Private Consumer Information be made consistent with the terms of this Order and the requirements of the Federal Rules of Civil Procedure and Local Rules of the Northern District of California.

In order to protect such private information, good cause appearing, and based on the stipulation of the parties to this action by and through their attorneys of record, **IT IS HEREBY ORDERED**:

1. As used in this Order, the term "Party" or "Parties" shall mean all parties to the above-styled action, Case No. C 07-04309 MJJ (the "Action") and that to which it has been related pursuant to Civil L.R. 3-12, <u>Jeffries, et. al. v. Wells Fargo Bank, N.A.</u>, Case No. C 07-03880 MJJ. As used in this Order, the term "Third Party" or "Third Parties" shall mean any individual, corporation, association or other natural person or entity that is not a party to this Action. As used in this Order, the term "Designating Party" shall mean the Party or Third Party who produced or supplied the Private Consumer Information or any non-producing party who designates such information confidential pursuant to this Order.

2. This Order shall govern all Documents containing Private Consumer Information that are produced or supplied in any form (including, but not limited to, Documents and other information produced by a Party or Third Party or their Counsel, disclosed through testimony, or contained in pleadings, briefs, or other documents filed with the Court) in this Action for purposes of discovery or otherwise. The term "Documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to, all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; software, computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but

1  not limited to, cassettes, discs, magnetic cards and recordings, optical and other media;
2  and all drafts, alterations, modifications, changes, and amendments to any of the
3  foregoing.

4      3.    As used in this Order, the term "Private Consumer Information" means any
5  Document or information supplied in any form, or any portion thereof, that contains
6  identifying, contact, private or financial information provided by a consumer to a
7  financial institution, resulting from any transaction with the consumer or any service
8  performed for the consumer; or otherwise obtained by the financial institution. Such term
9  includes any list, description, or other grouping of consumers (and publicly available
10 information pertaining to them) that is derived using any nonpublic personal information.
11 The term "Private Consumer Information" specifically includes "nonpublic personal
12 information" as such is defined by the GLBA, 15 U.S.C. § 6801 *et seq*. All "Private
13 Consumer Information" shall be specifically designated as such.

14     4.    This Order governs Private Consumer Information only.

15     5.    Documents containing Private Consumer Information shall be so
16 designated by stamping copies of the Document produced to a Party with on e of the
17 following legend:

18     "PRIVATE CONSUMER INFORMATION".

19     If such designation is not feasible (e.g., in the case of certain electronic
20 documents), then such designation may be made by informing the other Parties in
21 writing. Any such stamp or designation shall not cover up, obscure or otherwise conceal
22 any text, picture, drawing, graph or other communication or depiction in the Document.
23 These same procedures for designating Private Consumer Information shall apply to
24 Documents produced by Third Parties and may be invoked with respect to such
25 Documents by a Party or Third Party.

26     7.    **Objections to Designation or Treatment.** A Party objecting to
27 designation of any Document(s) or material(s) as Private Consumer Information shall
28

provide written notice of the objection to Counsel for the Designating Party, specifying the Document(s) or material(s) that are the subject of the objection. Upon receipt of the written objection, Counsel for the Designating Party shall, within twenty (20) days, provide a written response to the objecting party explaining the basis for the designation as Private Consumer Information; otherwise the Document(s) or material(s) shall be deemed to be no longer Private Consumer Information without a court order. The Parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection and any response by the Designating Party. If the objecting Party or person and the Designating Party are unable to resolve the issue, the Designating Party, within fourteen (14) days after serving its written response to the objection notification, may file a motion with the Court to continue the designation of the Document(s) or material(s) as Private Consumer Information. In deciding such a motion, the Court shall make an independent determination as to whether or not the Document(s) or material(s) is Confidential and entitled to protection under applicable law. To maintain confidential status, the Designating Party shall have the burden of establishing that the Document(s) or material(s) constitutes Private Consumer Information as defined in Paragraph 3 of this Order and is entitled to protection under applicable law. If the Designating Party does not file a motion seeking to maintain the "Private Consumer Information" designation within fourteen (14) days after serving its written response to the objection to confidentiality, the Document(s) or material(s) at issue shall be deemed to be no longer Private Consumer Information for purposes of this Order.

       8.     Disclosure of Confidential Information. Subject to Paragraph 8 below, Private Consumer Information may be disclosed only to the following persons (hereinafter "Qualified Persons"):

       (a)     the Parties to this action or an officer, director, employee or former employee of a Party deemed reasonably necessary by counsel for a Party to aid in the prosecution, defense, or settlement of this action;

(b) Counsel for the Parties to this Action ("Counsel") or counsel for any non-party deponent or witness, including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action; all of whom shall be bound by this Order;

(c) the Court and any person employed or retained by the Court whose duties require access to Private Consumer Information;

(d) stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

(e) subject to Paragraph 10 below, any person who created, authored, received or reviewed such Private Consumer Information and those persons identified on such Private Consumer Information as creators, authors or recipients of the Private Consumer Information.

(f) subject to Paragraph 10, for any other deponent or witness not otherwise covered under Paragraph 8, the parties will confer in good faith to resolve any disputes that arise if counsel for the parties intends to use Private Consumer Information with respect to such deponent or witness;

(g) experts or consultants retained by such Counsel to assist in the prosecution, defense, or settlement of this Action and their respective employees, associates or colleagues;

(h) employees of firms engaged by the Parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this Action; or

    (i) such other persons as may be designated by written agreement of Counsel or by order of the Court.

  9. **Acknowledgement.** Prior to receiving any Private Consumer Information, the following Qualified Persons described in paragraph 8 shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A": (1) named plaintiff and former employees included in the description under Paragraph 8(a); (2) an attorney for each firm representing any of the Parties or a non-party deponent or witness described under Paragraph 8(b) on behalf of the partners, associate attorneys, clerks, employees, independent contractors, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof working under the supervision of such partners or associate attorneys and who are actually working on this Action; and (3) all Qualified Persons identified in Paragraphs 8(f) through 8(i). Each such person signing a Confidentiality Agreement and those any Qualified Person signs on behalf of shall be subject to and bound by this Order. Counsel for the Party seeking to disclose Private Consumer Information to any Qualified Person pursuant to paragraphs 8(a), 8(b), and 8(f) through 8(i) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 20 of this Order.

  10. **Use of Information.** No Party, person, firm, corporation, or other person shall use Private Consumer Information in any manner whatsoever except for purposes of this Action. Furthermore, no Party, person, firm, corporation, or other entity subject to this Order shall give, show, disclose, make available, or communicate Private Consumer Information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such Private Consumer Information. Any person receiving Private Consumer Information shall exercise utmost best efforts to segregate the information and keep it private and secure from unauthorized disclosures. A Party's use for any purpose

- 7 -

of its own Documents and information which it produces or discloses in this litigation shall not be considered a violation of this Order.

11. Counsel for any deponent or Party may designate specific portions of deposition testimony or exhibits as Private Consumer Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Private Consumer Information – Subject To Protective Order." Failure of Counsel to designate testimony or exhibits as Private Consumer Information at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as Private Consumer Information within thirty (30) days after receipt of the transcript. Until Counsel for the deponent or Party designates the transcript or exhibits as confidential, however, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.

12. No one may attend the portions of depositions or review portions of any deposition transcript during which Private Consumer Information is shown or discussed other than those persons designated in Paragraph 8.

13. If a person receiving Private Consumer Information learns that, by inadvertence or otherwise, it has disclosed Private Consumer Information to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Private Consumer Information including all copies thereof, and notify the Party that produced the Private Consumer Information of the disclosure.

14. If any Private Consumer Information is inadvertently provided to a discovering Party without being marked as confidential in accordance with Paragraph 6 of this Order, the producing Party or any other Party may thereafter designate such materials as Private Consumer Information and the initial failure to so mark the material

- 8 -

shall not be deemed a waiver of the protections of this Order. When the material is designated as confidential, the discovering Party shall take prompt steps to assure that the material is marked as Private Consumer Information or returned to the producing Party or Designating Party for confidential designation pursuant to Paragraph 6 of this Order. The cost, if any, of gathering and/or marking this material as confidential shall be borne by the Designating Party.

15. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

16. Any motion, pleading or other submission that contains or attaches Confidential Material shall be filed in accordance with the requirements of Local Rule 79-5 in a sealed envelope that: (a) is endorsed with the caption for the matter; (b) sets forth a general description of the contents of the sealed envelope; and (c) contains the following legend:

"CONFIDENTIAL: THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS PRIVATE CONSUMER INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT."

All papers that refer to or rely upon Private Consumer Information shall specify the particular aspects of the Documents or materials that are Confidential.

17. Nothing in this Order shall prohibit disclosure of Private Consumer Information in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Private Consumer Information, such person shall promptly (not more than three (3) working days after receipt of such

1  process or notice) notify the Designating Party of such process or request, shall take all
2  reasonable steps to refrain from producing Private Consumer Information in response to
3  such process, and shall afford a reasonable opportunity for the Designating Party to
4  oppose the process or to seek a protective order.

5      18.    Nothing contained in this Order shall affect the rights of the Parties or
6  Third Parties to object to discovery on grounds other than those related to the protection
7  of Private Consumer Information, nor shall it relieve a Party or Third Party of its
8  obligation to properly respond or object to discovery requests, nor shall it preclude any
9  Party or Third Party from seeking further relief or protective orders from the Court as
10 may be appropriate under the Federal Rules of Civil Procedure.

11     19.    The Parties to this Action reserve all rights to apply to the Court for any
12 order modifying this Order, or seeking further protection against discovery or other use of
13 Private Consumer Information.

14     20.    Within sixty (60) days after the final resolution of this action (including
15 resolution of all appellate proceedings), all Documents and copies of all Documents
16 (other than exhibits of record) produced or supplied by a Party or Third Party which
17 contain Private Consumer Information shall be either returned to the Designating Party or
18 destroyed. Upon request of the Party or Third Party who produced, supplied or
19 designated the Information, all counsel of record who received such Documents shall
20 certify compliance herewith and shall deliver the same to counsel for the Designating
21 Party not more than sixty (60) days after the final resolution of this action.

22 DATED this 5th day of December, 2007.

23     BONNETT, FAIRBOURN,
24     FRIEDMAN, & BALINT, P.C.

26     Andrew S. Friedman
27     Wendy J. Harrison
    2901 North Central Avenue, Suite 1000
28     Phoenix, Arizona 85012

- 10 -

```
 1
 2                    CHAVEZ & GERTLER, L.L.P.
                      Mark A. Chavez
 3                    42 Miller Avenue
                      Mill Valley, California 94941
 4                    Attorneys for Plaintiff
 5
                      _____
 6                    REED SMITH, LLP
 7                    Robert D. Phillips, Jr.
                      Two Embarcadero Center
 8                    Suite 2000
                      San Francisco, CA  94111
 9                    Attorneys for Defendant
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

**[PROPOSED] ORDER**

IT IS SO ORDERED.

Dated: November ___, 2007

_____
Hon. Martin J. Jenkins
United States District Judge